UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

ORRIN S. ANDERSON,

         Debtor, (No. 14-22147)

ORRIN S. ANDERSON, A/K/A ORRIN
ANDERSON,

         Debtor and Plaintiff on behalf
of himself and all others
similarly situated,

         -against-

CREDIT ONE BANK, N.A.,

         Defendant. (No. 15-08214)

CREDIT ONE BANK, N.A.,

         Appellant,

         -against-

ORRIN S. ANDERSON, A/K/A ORRIN
ANDERSON,

         Appellee. (No. 25-CV-08837)

**OPINION AND ORDER**

25-CV-08837 (PMH)

PHILIP M. HALPERN, United States District Judge:

      This appeal by Credit One Bank, N.A. ("Appellant" or "Defendant") concerns two orders entered by Judge John P. Mastando III of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the adversary proceeding captioned *Anderson v. Credit One Bank, N.A.*, Adv. Pro. No. 15-08214 (Bankr. S.D.N.Y. 2015) (the "Adversary Proceeding"). The Adversary Proceeding, itself, stems from a Chapter 7 bankruptcy proceeding initiated by Orrin S. Anderson, a/k/a Orrin Anderson ("Appellee" or "Plaintiff") before Judge Robert D. Drain, captioned, *In re: Orrin S. Anderson*, No. 14-22147 (Bankr. S.D.N.Y. 2014) (the

"Bankruptcy Proceeding").[1] Currently pending before the Court is Appellant's motion for leave to appeal portions of the two decisions issued by the Bankruptcy Court that are not appealable as of right.[2]

For the reasons set forth below, the Appellant's motion is DENIED.

## BACKGROUND

Given the extensive history between the parties in the Adversary and Bankruptcy Proceeding, the Court assumes the parties' familiarity with the factual background and procedural history and recites only that which is germane to Appellant's instant motion.

Appellee filed for Chapter 7 Bankruptcy in 2014, and was issued a discharge order on May 6, 2014 (the "Discharge Order"). (Br. Doc. 9).[3] The Discharge Order functioned as an injunction against the collection of discharged debts under Section 524(a)(2) of the Bankruptcy Code and resulted in the closure of the Bankruptcy Proceeding. (*Id.*). Thereafter, on October 17, 2014, Appellee filed a motion to reopen the bankruptcy proceeding, due to an alleged violation of the Discharge Order by Appellant (the "Motion to Reopen"). (Br. Doc. 13). Appellee alleged that Appellant failed to modify the debt reporting on his credit reports after issuance of the Discharge Order, by indicating that the debt owed to Appellant was "charged off," meaning that the debt was still due and owing, instead of reporting the debt was discharged. (*Id.*). The Motion to Reopen was granted (*see* Br. Doc. 26), and Appellee subsequently filed an adversary proceeding on January

---

[1] Upon Judge Drain's retirement in 2022, both the Bankruptcy Proceeding and Adversary Proceeding were reassigned to Judge Sean H. Lane. (Br. Doc. 87; Adv. Pro. Doc. 189). In 2023, the Adversary Proceeding was again reassigned, this time to Judge Mastando. (Adv. Pro. Doc. 216).

[2] While Appellant has also appealed the Bankruptcy Court's denial of Appellant's motion to compel arbitration, that issue is immediately appealable and thus not before the Court on this motion. *See* 9 U.S.C. § 16(a)(1)(c).

[3] Citations to "Br. Doc." refer to docket entries in the Bankruptcy Proceeding, "Adv. Pro. Doc." refer to docket entries in the Adversary Proceeding, and citations to "Doc." refer to docket entries in this matter.

30, 2015, including a claim for contempt against Appellant for alleged violations of the Section 524(a)(2) injunction (Adv. Pro. Doc. 1). Appellee also included nationwide class allegations, requesting relief for other similarly situated individuals who, after having debts discharged, identified credit reports that detailed debts with Appellant as not being discharged. (*Id.*). After limited discovery, and after surviving an initial motion to dismiss, Appellee filed motions for class certification and for discovery sanctions. (Adv. Pro. Docs. 109, 140). The Bankruptcy Court granted both requests, and as to the Motion for Class Certification, certified both a Main Class and a Sub Class. (Adv. Pro. Doc. 176). The Bankruptcy Court imposed sanctions against Appellant consisting of a default judgment on the merits for its "prolonged, willful, bad faith discovery misconduct." (*Id.* at 47).

Meanwhile the Second Circuit, on August 2, 2023, decided *Bruce v. Citigroup, Inc.* ("*Bruce*"), which held, *inter alia*, that a "bankruptcy court's civil contempt authority does not extend to other bankruptcy court's discharge orders in a nationwide class action." 75 F.4th 297 (2d Cir. 2023). The Second Circuit also stated that their holding "does not speak at all to whether [plaintiff] (and her proposed fellow class members) are entitled to declaratory relief and damages"; and "whether and to what extent relief short of contempt sanctions is available in the case of a discharge violation for which a fair ground of doubt remains is a question for another day." *Id.* at 306 n.9.

Appellant, in light of *Bruce*, filed a Motion to Decertify the Damages Class and Subclass (*see* Adv. Pro. Doc. 215, "Motion to Decertify"), and in opposition, Appellee made a Motion to Amend the Complaint. The sole purpose of Appellant's motion to amend was to expressly include a separate declaratory judgment claim and putative class action allegations as to such a claim (*see*

Adv. Pro. Docs. 221, 222, "Motion to Amend").[4] On March 28, 2025, Judge Mastando denied the Motion to Decertify, and granted in part and denied in part the Motion to Amend (*see* Adv. Pro. Doc. 222). The Judge permitted Appellee to file a second amended complaint to include a declaratory judgment claim under 28 U.S.C. §§ 2201, 2202, and determined that such a claim would not be "arbitrable." (*See* Doc. 3-1, the "March 28 Order").

On April 11, 2025, Appellant filed a motion for reconsideration of the March 28 Order, following Appellee's filing of the second amended complaint. (Adv. Pro. Doc. 244). On April 18, 2025, Appellant filed a combined motion to dismiss the second amended complaint and motion to compel arbitration. (Adv. Pro. Doc. 245). Subsequently, on September 29, 2025, after holding a hearing (*see* Adv. Pro. Doc. 258), the Bankruptcy Court denied Appellant's motion for reconsideration, and in the same order, denied Appellant's combined motions to dismiss and to compel arbitration. (*See* Doc. 3-2, "September 29 Order").

On October 24, 2025, Appellant appealed portions of the March 28 Order and September 29 Order (together, the "Orders"), clarifying that "[t]o the extent appellate jurisdiction over the entirety of the Orders is not automatically conferred, [Appellant] intends to seek interlocutory appeal of certain determinations made in the Orders." (*See* Doc. 1, "Notice of Appeal"). Accordingly, currently pending before the Court is Appellant's motion seeking leave to appeal the Bankruptcy Court's determinations (the "Motion") in the Orders that: i) Appellee's declaratory judgment claim (the "Declaratory Judgment Claim") as pled in the second amended complaint sufficiently stated a claim for relief; and ii) the Declaratory Judgment Claim could proceed as a

---

[4] Appellee claims that he included a declaratory judgment claim in the original Complaint as well, which argument the Bankruptcy Court acknowledges (*see* March 28 Order at 5 n.3). (*See* Doc. 10 at 1-2; *see also* Adv. Pro. Doc. 1).

class action under the previously-entered class certification related to the original claim for relief. (*See* Doc. 3 at 1-3).

Appellant filed its opening brief on October 27, 2025 (Doc. 3, "App. Br."). Appellee filed opposition on November 10, 2025 (Doc. 10, "Opp. Br."), and Appellant filed reply on November 24, 2025. (Doc. 12, "Reply"). Appellee filed a letter on February 23, 2026, without leave of Court, apparently supplementing his opposition and directing the Court's attention to a recently-filed decision that is purportedly relevant to this dispute. (*See* Doc. 13). On February 27, 2026, Appellant responded to Appellee's letter, disputing Appellee's characterization of the subject decision. (Doc. 14).

## ANALYSIS

On the instant motion, Appellant seeks interlocutory review of two issues decided within the Orders, as follows (the "Additional Issues"):

- "Whether the Bankruptcy Court erred in determining that a non-contempt claim seeking a declaratory judgment for a violation of the discharge injunction under Section 524 of the Bankruptcy Code stated a claim upon which relief may be granted based on a finding that Section 524 created an implied private right of action . . ."; and

- "Whether the Bankruptcy Court erred in determining that a pre-existing class certification order applies to a subsequently-filed declaratory judgment claim for violations of other bankruptcy courts' discharge injunctions . . . ."

For this Court to hear these issues, as they are concededly not appealable as of right (*see* App. Br. at 12-13), the Court must consider the propriety of permitting an interlocutory review thereof. Appellant argues that the Court may hear these issues: i) as the Additional Issues are contained within the same "order" as the Bankruptcy Court's denial of Appellant's motion to compel arbitration, and therefore are immediately appealable pursuant to the FAA; ii) through the Court's exercise of pendent appellate jurisdiction; or iii) by granting Appellant's interlocutory appeal motion made pursuant to 28 U.S.C. § 158(a). The Court analyzes each ground *seriatim*.

I.    Immediate Appeal as an "[O]rder" under 9 U.S.C. § 16(a)(1)(C)

The FAA allows for an immediate appeal of "an order . . . denying an application . . . to compel arbitration." 9 U.S.C. § 16(a)(1)(C). Appellant, citing non-binding Fifth Circuit and Eighth Circuit cases, argues that since Judge Mastando denied Appellant's motion to compel arbitration in the same order as his ruling on the Additional Issues,[5] this Court has jurisdiction over the Additional Issues. (App. Br. at 9-10). The Court finds this argument unpersuasive.

While neither party points to any Second Circuit precedent on this issue, the Court finds that the Ninth Circuit's analysis in *Boshears v. PeopleConnect, Inc.*, 76 F.4th 858 (9th Cir. 2023) is instructive, and in line with persuasive Second Circuit jurisprudence. As the Ninth Circuit notes in the context of the FAA, "two orders do not become one 'order' for the purpose of § 16(a) solely by virtue of the fact that they appear in the same document." *See Boshears*, 76 F.4th at 861.[6] The Second Circuit has similarly held, in the context of the collateral order doctrine, that though "the denial of a defendant's motion to dismiss on sovereign immunity grounds is an immediately appealable collateral order," an "order denying a motion to dismiss for lack of personal jurisdiction" is not immediately appealable, even if the denial of the motion on personal jurisdiction grounds is in "the same 'order' in which [the court] rejected [the immediately appealable] . . . arguments." *See Atlantica Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 116, n.10 (2d Cir. 2016) (holding that it is "irrelevant" that the immediately appealable "issue" was located in the same "order" as another non-immediately appealable

---

[5] The March 28 Order decided the issues of arbitrability and decertification of a previously certified class action as well as Appellee's motion to amend to expressly assert a declaratory judgment claim. The September 29 Order decided on reconsideration the issue of arbitrability (again) as well as Appellant's motions to dismiss the new declaratory judgment claim and strike the associated class allegations included in the second amended complaint.

[6] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

"issue"); *see also Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 756 (2d Cir. 1998) (same).

As such, here, where Judge Mastando analyzed several issues and resolved several motions in one order, the Court declines to find that the singular document which the Bankruptcy Judge wrote and which contains multiple holdings, creates, pursuant to the FAA or otherwise, interlocutory appellate jurisdiction of non-appealable issues as of right in this Court.[7] Appellant's motion on this ground is therefore denied.

II.    Pendent Appellate Jurisdiction

The Court turns next to Appellant's argument that this Court should exercise pendent appellate jurisdiction over the Additional Issues as "inextricably intertwined" with the question of arbitrability. (App. Br. at 10-12).

The exercise of pendent appellate jurisdiction is only appropriate where there exists "an independent but related question that is 'inextricably intertwined' with the appealable issue or is 'necessary to ensure meaningful review' of that issue." *Warney v. Monroe Cnty.*, 587 F.3d 113, 126 (2d Cir. 2009). A question may be "inextricably intertwined" where there is "sufficient overlap in the factors relevant to the appealable and nonappealable issues." *In re Anderson*, 550 B.R. 228, 233 (S.D.N.Y. 2016) (citing *Kaluczky v. City of White Plains*, 57 F.3d 202, 207 (2d Cir. 1995)). Accordingly, where "review of the unappealable issue is not necessary for review of the issue over which we have appellate jurisdiction," pendent appellate jurisdiction is improper. *Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 372 (2d Cir. 2004). The Supreme Court has also warned of the application of pendent appellate jurisdiction, cautioning that, "a rule

---

[7] The Court notes that the FAA only references an appeal of an "order" denying arbitration, while Appellant appears to claim that the Court has appellate jurisdiction to "consider all determinations contained within [both] Orders," plural. (App. Br. at 9-10). Even if the Court were to construe the Orders as one "order" for the sake of argument, Appellant's argument nevertheless fails for the reasons set forth herein.

loosely allowing pendent appellate jurisdiction would encourage parties to parlay appealable collateral orders into multi-issue interlocutory appeal tickets." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 49 (1995).

Despite Appellant's arguments to the contrary, neither of the Additional Issues are properly considered as "inextricably intertwined" with the arbitrability issue. Appellant's contention that "each requires adjudication of the same fundamental question," does not create the correct analysis. (*See* Reply at 6). Instead, this Court must determine whether there is "sufficient overlap in the *factors* relevant to the appealable and nonappealable issues." *See Kaluczky*, 57 F.3d at 207 (emphasis added). As Judge Román stated when he denied Appellant's previous attempt to invoke pendent appellate jurisdiction, "where a court can consider and decide the appealable issue without addressing or considering the nonappealable issue(s), an exercise of pendent appellate jurisdiction is not warranted." *In re Anderson*, 550 B.R. at 233 (citing *Rein*, 162 F.3d at 759). Simply put, this Court need not consider Judge Mastando's decisions on either Appellant's motion to dismiss or the determination that the pre-existing class certification order applied to Appellee's subsequently-filed declaratory judgment claim in order to determine whether Judge Mastando properly denied Appellant's motion to compel arbitration. *See Myers v. Hertz Corp.*, 624 F.3d 537, 553-54 (2d Cir. 2010) (pendent appellate jurisdiction does not lie where "we are confronted with two similar, but independent, issues, and resolution of the non-appealable order would require us to conduct an inquiry that is distinct from and broader than the inquiry required to resolve solely the issue over which we properly have appellate jurisdiction."). The arbitration analysis is separate from and independent of the motion to dismiss and attempt to decertify the class certification analyses.

Accordingly, Appellant's motion is likewise denied on this ground.

III.    28 U.S.C. § 158(a)

Appellant's final argument that this Court should grant Appellant's request for interlocutory appeal of the Additional Issues pursuant to 28 U.S.C. § 158 fares no better. (App. Br. at 12-17).

Under 28 U.S.C. § 158(a)(3), district courts may permit discretionary appeals from "interlocutory orders and decrees" of the bankruptcy courts. *See* 28 U.S.C. § 158(a)(3). Because of the absence of statutory factors associated with 28 U.S.C. § 158(a)(3), district courts apply the multi-factor test set forth in 28 U.S.C. § 1292(b). *See In re Delaney*, 110 F.4th 565, 568 (2d Cir. 2024); *see also In re Kassover*, 343 F.3d 91 (2d Cir. 2003). As such, a district court may certify, for interlocutory appeal, an order from the bankruptcy court that involves "(1) a controlling question law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from which may materially advance the ultimate termination of the litigation." *In re Anderson*, 550 B.R. at 234 (citing 28 U.S.C. § 1292(b)). It is the moving party's burden to establish the existence of each of the three elements, and even where those criteria are met, district courts nevertheless retain "unfettered discretion to deny certification." *Smith v. Meta Platforms, Inc.*, No. 24-CV-04633, 2026 WL 1002418, at *2 (S.D.N.Y. Apr. 14, 2026) (quoting *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002)). Additionally, the Second Circuit has urged that only "exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Thus, even if the Appellant sufficiently establishes the

existence of the three elements listed above, it remains the Appellant's burden to sufficiently demonstrate that "exceptional circumstances" exist.

Appellant contends that the Additional Issues involve a controlling question of law as to which there is a substantial ground for a difference of opinion, and that an immediate appeal would materially advance the termination of this litigation. (*See* App. Br. at 12-17; Reply at 7-9).

Appellant's argument that the Additional Issues are "particularly difficult and of first impression in this Circuit" (App. Br. at 14), does not move the needle to create a controlling question of law as to which there is a substantial ground for difference of opinion so as to satisfy the first or second factors to justify the exercise of the Court's discretion. As an initial matter, it is well-settled that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). Further, each bankruptcy court in this circuit that has heard this issue has determined that a declaratory judgment claim is permitted in this context, despite Appellant's attempts to distinguish such cases. *See In re Golden*, 671 B.R. 544, 632-33 (Bankr. S.D.N.Y. 2025); *In re Bruce*, 676 B.R. 683, 699-704 (Bankr. S.D.N.Y. 2026). That the Second Circuit itself has yet to weigh in on this issue does not change this reality.

With respect to the third factor, it is unclear that immediate appeal would advance the termination of the litigation, as the Court finds Appellant's arguments on this point similarly unpersuasive. Specifically, the fact that the Additional Issues may present a "new legal question or [one] of special consequence" does not further Appellant's argument that the Court "should not hesitate to certify an interlocutory appeal," especially where the questions bearing on the Additional Issues may soon be addressed by the Second Circuit in other pending appeals. *See, e.g.*, *Smith*, 2026 WL 1002418, at *3 (declining to certify an interlocutory appeal on issues that that

were then-pending on appeal with the Second Circuit, as "the efficiency of both the district court *and the appellate court* are to be weighed"). The reality is that the resolution of the two interlocutory appeals already pending in the Second Circuit will advance the termination of this litigation; and not a district court hearing the third case of similar ilk. Relevant here, the bankruptcy courts' decisions interpreting the impact and application of *Bruce—In re Bruce*, No. 13-22088, 2026 WL 643044 (S.D.N.Y. Mar. 6, 2026) (certifying *In re Bruce*, 676 B.R. 683 (Bankr. S.D.N.Y. 2026) ("January 2026 Bruce Order") for direct appeal to the Second Circuit) and *Penn Higher Ed. Ass. Agency v. Golden*, 2026 WL 879451, at *4 (E.D.N.Y. Mar. 31, 2026) (certifying two orders of the Bankruptcy Court bearing on *Bruce* for direct appeal to the Second Circuit)—have been certified by the Bankruptcy Court and District Court, respectively, to appeal to the Second Circuit.[8] Addressing the issues proposed by Appellant herein would in no practical way advance the termination of this litigation.

With respect to "exceptional circumstances," Appellant has included no argument as to whether "exceptional circumstances" exist here to warrant the Court's discretion and grant certification. (*See* App. Br. at 12-17; Reply at 7-9). Appellant's failure to show "exceptional circumstances," standing alone, is enough for the Court to deny Appellant's motion. *Klinghoffer*, 921 F.2d at 25.

Accordingly, Appellant has not demonstrated there is a controlling question of law as to which there is a substantial ground for difference of opinion, or that permitting the interlocutory appeal would advance the termination of the litigation. Considering the judicial efficiency of both

---

[8] The Parties, by way of supplemental letters, informed the Court of the January 2026 Bruce Order. (*See* Docs. 13, 14). The issues presented here appear to overlap with those in the *Bruce* and *Golden* matters, and the Court therefore takes judicial notice of the existence of each of the aforementioned cases, as well as the associated Second Circuit dockets and subsequent filings (*see In re* Kimberly Bruce, No. 26-876 (2d Cir. Apr. 7, 2026); *In re Golden*, No. 26-817 (2d Cir. Apr. 1, 2026)).

the district court and the Second Circuit (with two appeals already pending), Appellant has failed to carry its burden to show "exceptional circumstances" exist. Accordingly, the Court declines to certify interlocutory appeal under 28 U.S.C. § 158(a)(3).

## CONCLUSION

For the foregoing reasons, the Court DENIES Appellant's motion for leave to appeal the Additional Issues of the Bankruptcy Court's orders.

The Court directs, in accordance with the Court's November 11, 2025 Order (Doc. 11), the following: i) Appellant shall, no later than seven days from the date of this Order, amend its previously-filed Statement of Issues on Appeal and Designation of the Record on Appeal to account for this Order, and include only those issues appealable as of right "which relate to arbitration," namely, Issues 1.a and 2.a (*see* Doc. 6 at 2, 6); and ii) Appellee shall, no later than twenty-one days from the date of this Order, respond to Appellant's amended Statement of Issues on Appeal and Designation of the Record on Appeal.

Additionally, in accordance with the Court's November 11, 2025 Order, merits briefing on the sole issue remaining on appeal, the bankruptcy court's denial of Appellant's motion to compel arbitration, shall proceed as follows: i) Appellant shall, no later than thirty days from the date of this Order, file its opening brief; ii) Appellee shall, no later than thirty days after the filing of Appellant's brief, file its brief in opposition; and iii) Appellant shall, no later than fourteen days after the filing of Appellee's brief, file reply.

**SO ORDERED:**

Dated:   White Plains, New York
         May 1, 2026

_____
PHILIP M. HALPERN
United States District Judge

12