UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

ORRIN S. ANDERSON,

Debtor,

ORRIN S. ANDERSON, A/K/A ORRIN ANDERSON,

Debtor and Plaintiff on behalf of himself and all others similarly situated,

-against-

CREDIT ONE BANK, N.A.,

Defendant.

CREDIT ONE BANK, N.A.,

Appellant,

-against-

ORRIN S. ANDERSON, A/K/A ORRIN ANDERSON,

Appellee.

**OPINION AND ORDER**

No. 7:25-CV-08837-PMH

Bankr. No. 14-22147-jpm

Adv. Pro. No. 15-08214-jpm

PHILIP M. HALPERN, United States District Judge:

This appeal by Credit One Bank, N.A. ("Appellant" or "Defendant") concerns two orders entered by Judge John P. Mastando III of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), wherein the Bankruptcy Court, *inter alia*, declined to compel arbitration of a declaratory judgment claim in the adversary proceeding captioned *Anderson v. Credit One Bank, N.A.*, Adv. Pro. No. 15-08214 (Bankr. S.D.N.Y. 2015) (the "Adversary Proceeding"). The Adversary Proceeding, itself, stems from a Chapter 7 bankruptcy proceeding initiated by Orrin S. Anderson, a/k/a Orrin Anderson ("Appellee" or "Plaintiff") before

Judge Robert D. Drain, captioned, *In re: Orrin S. Anderson*, No. 14-22147 (Bankr. S.D.N.Y. 2014) (the "Bankruptcy Proceeding").[1]

For the reasons set forth below, the Bankruptcy Court's orders are AFFIRMED.

## BACKGROUND

Given the extensive history between the parties in the Adversary and Bankruptcy Proceedings, the Court assumes the parties' familiarity with the factual background and procedural history and recites only that which is relevant to Appellant's instant appeal.

Appellee, in or about October 2002, opened a credit card and entered into a cardholder agreement with Appellant. (Doc. 17-1 at 70). The cardholder agreement included an arbitration clause governed by the Federal Arbitration Act (the "Arbitration Provision"). (*Id.* at 75-84).

Appellee filed for Chapter 7 Bankruptcy in 2014, and was issued a discharge order on May 6, 2014 (the "Discharge Order"). (Br. Doc. 9).[2] The Discharge Order functioned as an injunction against the collection of discharged debts under Section 524(a)(2) of the Bankruptcy Code and resulted in the closure of the Bankruptcy Proceeding. (*Id.*). Thereafter, on October 17, 2014, Appellee filed a motion to reopen the bankruptcy proceeding, due to an alleged violation of the Discharge Order by Appellant (the "Motion to Reopen"). (Br. Doc. 13). Appellee alleged that Appellant failed to modify the debt reporting on his credit reports after issuance of the Discharge Order, by indicating that the debt owed to Appellant was "charged off" as a loss, meaning that the debt was still technically due and owing, instead of reporting the debt was discharged. (*Id.*). The Motion to Reopen was granted (*see* Br. Doc. 26), and Appellee subsequently filed an adversary

---

[1] Judge Drain retired in 2022, and both the Bankruptcy Proceeding and Adversary Proceeding were thereafter reassigned to Judge Sean H. Lane. (Br. Doc. 87; Adv. Pro. Doc. 189). In 2023, the Adversary Proceeding was again reassigned, this time to Judge Mastando. (Adv. Pro. Doc. 216).

[2] Citations to "Br. Doc." refer to docket entries in the Bankruptcy Proceeding, "Adv. Pro. Doc." refer to docket entries in the Adversary Proceeding, and citations to "Doc." refer to docket entries in this matter.

proceeding on January 30, 2015, including a claim for contempt against Appellant for alleged violations of the Section 524(a)(2) injunction (Adv. Pro. Doc. 1). Prior to answering the complaint, Appellant filed a motion to compel arbitration of the contempt claim, relying upon the language contained within the Arbitration Provision. (Adv. Pro. Doc. 7). The Bankruptcy Court denied the motion to compel arbitration (Adv. Pro. Doc. 15), which denial was affirmed by the District Court (Adv. Pro. Doc. 72) and then, ultimately, by the Second Circuit, *see In re Anderson*, 884 F.3d 382, 389-92 (2d Cir. 2018) ("*Anderson I*"). The Circuit held, in *Anderson I*, that because "arbitration of a claim based on an alleged violation of Section 524(a)(2) would 'seriously jeopardize a particular core bankruptcy proceeding,'" an inherent conflict existed between "arbitration of Anderson's claim and the Bankruptcy Code." Thus, the "bankruptcy court did not abuse its discretion by denying Credit One's motion to compel arbitration in this case." *Id.*

After decision on the initial motion to compel arbitration, surviving an initial motion to dismiss, and limited discovery, Appellee filed motions for class certification and for discovery sanctions. (Adv. Pro. Docs. 109, 140). The Bankruptcy Court granted both requests, and as to the Motion for Class Certification, certified both a Main Class and a Sub Class. (Adv. Pro. Doc. 176). The Bankruptcy Court imposed sanctions against Appellant consisting of a default judgment on the merits for its "prolonged, willful, bad faith discovery misconduct." (*Id.* at 47).

Meanwhile the Second Circuit, on August 2, 2023, decided *Bruce v. Citigroup, Inc.* ("*Bruce I*"), which held, *inter alia*, that a "bankruptcy court's civil contempt authority does not extend to other bankruptcy court's discharge orders in a nationwide class action." 75 F.4th 297 (2d Cir. 2023). The Second Circuit also stated that their holding "does not speak at all to whether [plaintiff] (and her proposed fellow class members) are entitled to declaratory relief and damages"; and "whether and to what extent relief short of contempt sanctions is available in the case of a

discharge violation for which a fair ground of doubt remains is a question for another day." *Id.* at 306 n.9.

Appellant, in light of *Bruce I*, filed a Motion to Decertify the Damages Class and Subclass (*see* Adv. Pro. Doc. 215, "Motion to Decertify"), and in opposition, Appellee made a Motion to Amend the Complaint. The sole purpose of Appellee's motion to amend was to expressly include a separate declaratory judgment claim (in addition to the extant contempt claim) and putative class action allegations as to such a claim. (*See* Adv. Pro. Docs. 221, 222, "Motion to Amend"). On March 28, 2025, Judge Mastando denied the Motion to Decertify, and granted in part and denied in part Appellee's Motion to Amend (*see* Adv. Pro. Doc. 222). The Judge permitted Appellee to file a second amended complaint to include a declaratory judgment claim under 28 U.S.C. §§ 2201, 2202, and determined that such a claim would not be "arbitrable." (*See* Doc. 3-1, the "March 28 Order").

On April 11, 2025 and following Appellee's filing of the second amended complaint, Appellant filed a motion for reconsideration of the March 28 Order. (Adv. Pro. Doc. 244). On April 18, 2025, Appellant filed a combined motion to dismiss the second amended complaint and motion to compel arbitration. (Adv. Pro. Doc. 245). Subsequently, on September 29, 2025, after holding a hearing (*see* Adv. Pro. Doc. 258), the Bankruptcy Court denied Appellant's motion for reconsideration, and in the same order, denied Appellant's combined motions to dismiss and to compel arbitration. (*See* Doc. 3-2, "September 29 Order").

On October 24, 2025, Appellant appealed portions of the March 28 Order and September 29 Order (together, the "Bankruptcy Orders") with respect to arbitrability of the declaratory judgment claim, clarifying that "[t]o the extent appellate jurisdiction over the entirety of the Orders is not automatically conferred, [Appellant] intends to seek interlocutory appeal of certain

determinations made in the Orders." (*See* Doc. 1, "Notice of Appeal"). This Court, by Opinion and Order dated May 1, 2026, denied Appellant's motion seeking interlocutory review of two issues decided within the Orders, and directed briefing on the sole remaining issue on appeal, the Bankruptcy Court's denial of Appellant's motion to compel arbitration. (Doc. 15).

Accordingly, currently pending before the Court is Appellant's appeal of the Bankruptcy Court's Orders to the extent the March 28 Order held that Appellee's declaratory judgment claim (the "Declaratory Judgment Claim") would not be arbitrable, and the September 29 Order which denied Appellant's motion to compel arbitration of the Declaratory Judgment Claim. (*See* Doc. 16 at 2-3).

Appellant filed its opening brief on June 1, 2026 (Doc. 17, "App. Br."). Appellee filed opposition on July 1, 2026 (Doc. 20, "Opp. Br."), and Appellant filed reply on July 15, 2026. (Doc. 21, "Reply").[3]

For the reasons set forth below, the portions of the Bankruptcy Orders at issue are AFFIRMED.

## STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in pertinent part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." This Court, in exercising its appellate jurisdiction, may:

[3] Appellee also requests "oral argument," without citing to any governing or applicable rule or provision, as Appellee believes Appellant's "reply papers . . . add new arguments to the case that were not raised in their opening brief." (Doc. 22). Nevertheless, the request is denied as unnecessary, as "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Fed. R. Bankr. P. 8019 (b)(3).

> affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106; *see also In re Bernard L. Madoff Inv. Secs., LLC*, No. 15-CV-01151, 2016 WL 183492, at *8 n.14 (S.D.N.Y. Jan. 14, 2016) (explaining that, although Federal Rule of Bankruptcy Procedure 8013 was amended and language explaining that the Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings" was removed, the authority remains because "logic compels" that result "with respect to the appellate powers of the District Court"), *aff'd*, 697 F. App'x 708 (2d Cir. 2017).[4]

"The Bankruptcy Court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*." *In re Markus*, 78 F.4th 554, 563 (2d Cir. 2023). The clear error standard permits the Court to set aside the Bankruptcy Court's factual findings only if the Court is "left with the definite and firm conviction that a mistake has been committed." *Sacerdote v. New York Univ.*, 9 F.4th 95, 119 (2d Cir. 2021) (citing *United States v. U.S. Gypsum*, 333 U.S. 364, 396 (1948)). "[C]lear error review mandates that [the Court] defer to the [Bankruptcy Court's] factual findings, particularly those involving credibility determinations." *Id.* (citing *Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005)). A *de novo* review on the other hand allows the Court "to decide the issue as if no decision had been previously rendered. No deference is given to the Bankruptcy Court's decision." *In re Reilly*, 245 B.R. 768, 772 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000). "When mixed questions of law and fact are raised on appeal, they are presumptively subject to de novo review." *In re Portaluppi*, No. 13-CV-00421, 2014 WL 2559403, at *2 (D. Conn. June 6, 2014), *aff'd*, 609 F. App'x 30 (2d Cir. 2015).

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

## **ANALYSIS**

Appellant argues on appeal that: (1) the Bankruptcy Court erred by improperly relying upon *Anderson I* to determine that the Declaratory Judgment Claim was not arbitrable, because in Appellant's view, the Second Circuit's holding in *Anderson I* is limited solely to "contempt claim[s]" (*see* App. Br. at 26-34, 47); and (2) upon a finding that *Anderson I* does not control, "there is no other basis to deny arbitration" of the Declaratory Judgment Claim (s*ee* App. Br. at 35-46).[5]

### I. Application of *Anderson I* to the Declaratory Judgment Claim

The FAA allows for an immediate appeal of "an order . . . denying an application . . . to compel arbitration," 9 U.S.C. § 16(a)(1)(C), and "establishes a federal policy favoring arbitration," *Shearson/American Exp., Inc. v. McMahon*, 482 U.S.220, 226 (1987). However, this policy is not absolute, and a bankruptcy court has discretion to refuse to compel arbitration where "Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." *In re Anderson*, 553 B.R. at 227. In other words, when the bankruptcy court finds that "core proceedings are based on provisions of the Bankruptcy Code that inherently conflict with the FAA or that arbitration of the claim would necessarily jeopardize the objectives of the Bankruptcy Code," the bankruptcy court retains discretion to refuse to compel arbitration. *Id.* at 226.

[5] There are two threshold inquiries that must be considered in determining a motion to compel arbitration: "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *See In re Am. Express Fin. Advisors Secs. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). These issues do not appear to be in dispute, as Appellee does not respond to Appellant's arguments (App. Br. at 25-26) concerning the existence, validity, or scope of the arbitration provision at issue here. (*See* Opp. Br.). Accordingly, the Court focuses only on whether the Bankruptcy Court had the requisite "discretion" to override the arbitration agreement through its application of *Anderson I*. *See In re Salander-O'Reilly Galleries, LLC*, 475 B.R. 9, 26 (S.D.N.Y. 2012) (citing *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108 (2d Cir. 2006)).

Determination by this Court as to whether the bankruptcy court retains this discretion, requires a "*de novo*" review. If such a review results in a finding that the "bankruptcy court's legal analysis was correct," then the bankruptcy court's decision "to either stay the proceedings or decline to enforce the arbitration agreement" is reviewed for "abuse of discretion." *See Anderson I*, 884 F.3d at 388.

Appellant argues that the Bankruptcy Court's reliance upon *Anderson I* to determine the Declaratory Judgment Claim was not arbitrable as a matter of law, in both of the Bankruptcy Orders, constitutes reversible error. (App. Br. at 26-35). This Court disagrees.

The Second Circuit, in *Anderson I*, found that "arbitration of a claim based on an alleged violation of Section 524(a)(2) would 'seriously jeopardize a particular core bankruptcy proceeding,'" and there was therefore an "inherent conflict between arbitration of Anderson's claim and the Bankruptcy Code." *Anderson I*, at 389-92. While this Court acknowledges that the only claim pending the Circuit's review at the time of the decision on *Anderson I* was the original contempt claim, this Court agrees with the Bankruptcy Court, and other courts in this District, that such a distinction is not dispositive. Nor does this distinction bar application of *Anderson I* to the newly pled Declaratory Judgment Claim at issue here because this claim stems from a "violation of Section 524(a)(2)." (*See* March 28 Order at 38-39; September 29 Order at 25-26 (stating that "[t]he *Anderson I* court focused on the issue of a 'violation of Section 524(a)(2),' and how the bankruptcy court has the unique expertise to address such violations," and thus holding that "this Court does not need to revisit the question of whether the FAA preempts the Bankruptcy Code in the case of a binding arbitration clause and a discharge violation claim," as "the Second Circuit clearly held that it does not"); *see also In re Bruce ("Bruce II")*, 676 B.R. 683, 696-99 (Bankr. S.D.N.Y. 2026).

As Appellee notes (Opp. Br. at 16-17), the bankruptcy court in the near-identical *Bruce* litigation dealt with this same issue, *i.e.*, whether to compel arbitration of a declaratory judgment claim for violation of Section 524(a)(2); and, in light of *Anderson I*, declined to compel arbitration. *Bruce II*, 676 B.R. at 696-99. This Court finds persuasive the bankruptcy court's analysis in *Bruce II*. Appellant's arguments here, as in *Bruce II*, "limit the impact of the Circuit's ruling to claims for contempt results from an unduly cramped reading of the Circuit's decision, disregarding the Circuit's consistent emphasis of the centrality of effective discharges on the bankruptcy process, the bankruptcy court's authority, and the systemic importance of upholding the Bankruptcy Code itself." *Id.* at 699. Indeed, the Circuit placed significant emphasis on the "central goal of bankruptcy: providing debtors a fresh financial start." The Circuit distinguished the Bankruptcy Code's automatic stay provision from the discharge injunction provision, violation of which is at issue here, and held that "[e]nforcement of the arbitration agreement in this case would interfere with the fresh start bankruptcy promises debtors, which would create an inherent conflict with the Code." *Anderson I*, 884 F.3d at 390 (further noting that "[v]iolations of the [discharge] injunction damage the foundation on which the debtor's fresh start is built.").

Despite Appellant's assertions to the contrary, the Circuit did not explicitly "state[] that it reached its non-arbitrability holding in *Anderson I* 'because' the claim before it was one to enforce a court order." (App. Br. at 27). The Court acknowledges on the one hand that a portion of the Circuit's analysis in *Anderson I* hinged upon the bankruptcy courts' "wide latitude to enforce their own orders," yet on the other, the Circuit appears to have declined to explicitly limit its holding to *only* contempt claims stemming from violations of Section 524(a)(2). Rather, the Circuit's holding was that arbitration of a "*claim* based on an alleged violation of Section 524(a)(2) would 'seriously jeopardize a particular core bankruptcy proceeding.'" *Id.* at 389-90 (emphasis added). This silence

and absence of such a limitation appears to ring even louder in light of the Circuit's implicit acknowledgement in *Bruce I* that a claim for something other than "contempt sanctions" *may* exist for violation of Section 524(a)(2). *Bruce I*, 75 F.4th at 306 n.9. (stating that their holding dismissing plaintiff's contempt claim based in violations of Section 524(a)(2) on a class-wide basis only "does not speak at all to whether [plaintiff] (and her proposed fellow class members) are entitled to declaratory relief and damages" and leaving "for another day" the question of "whether and to what extent relief short of contempt sanctions is available in the case of a discharge violation for which a fair ground of doubt remains").[6]

Considering all of the above, this Court determines that upon *de novo* review, Judge Mastando's reliance upon *Anderson I* does not constitute error, as the Declaratory Judgment Claim may properly fit within the confines of the Circuit's ruling that "arbitration of a claim based on an alleged violation of Section 524(a)(2) would 'seriously jeopardize a particular core bankruptcy proceeding.'" Thus, the Court finds that the Bankruptcy Court had discretion to refuse to compel arbitration, and, affording that determination the "deferential abuse of discretion standard," finds no abuse of discretion in the Bankruptcy Court's decision. *See Anderson I*, 884 F.3d at 388 ("If an inherent conflict was properly found, we review the decision of whether to enforce the arbitration agreement under the deferential abuse of discretion standard.").

---

[6] The Second Circuit, in or about August 2026, granted leave to appeal two bankruptcy courts' decisions interpreting the impact and application of *Bruce*—*In re Bruce*, No. 13-22088, 2026 WL 643044 (S.D.N.Y. Mar. 6, 2026) (certifying *Bruce II*, 676 B.R. 683 for direct appeal to the Second Circuit) and *Penn Higher Ed. Ass. Agency v. Golden*, 2026 WL 879451, at *4 (E.D.N.Y. Mar. 31, 2026) (certifying two orders of the Bankruptcy Court bearing on *Bruce* for direct appeal to the Second Circuit)—and ordered that these appeals be heard "in tandem." *See Citigroup Inc., Citibank, N.A. v. Bruce*, No. 26-876, Doc. 16 (2d Cir. Aug. 5, 2026); *see also Penn Higher Ed. Ass. Agency v. Golden*, No. 26-2320, Doc. 10 (2d Cir. Aug. 19, 2026).

Accordingly, the portions of the Bankruptcy Court's March 28 Order and September 29 Order appealed from are affirmed.[7]

## CONCLUSION

For the foregoing reasons, the portions of the Bankruptcy Court's March 28 Order and September 29 Order appealed from are AFFIRMED.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED:**

Dated: White Plains, New York
September 29, 2026

PHILIP M. HALPERN
United States District Judge

[7] In light of the Court's holding herein, the Court need not and does not reach the parties' remaining arguments. The Court declines, however, to "certify that [Appellant's] appeal is frivolous," as requested by Appellee in his opposition brief. (*See* Opp. Br. at 21-22). The standard for "certifying a frivolous appeal is particularly stringent," and Appellant's arguments, while unpersuasive, and despite the Court's holding in favor of the Appellee, plainly do not meet this standard. *See Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007).